ABNER G. GILMORE *vs*. M. P. WOODCOCK.

Waldo. Opinion February 27, 1880.

*Bet. Forfeiture. Stakeholder.*

In an action against a stakeholder by the maker of a bet upon an election after notice to the stakeholder not to pay over to the winner, it is no defense that, after the commencement of the action, the stakeholder has paid it over to the mayor of the city where the plaintiff resides upon his claim that it is forfeited to the city, when no suit is brought to enforce the forfeiture against the maker of the wager.

A suit to enforce a forfeiture against the maker of a wager must be brought within one year after the forfeiture is incurred; and the stakeholder can be liable only as his trustee.

Unless such action is seasonably brought and the money adjudged forfeited therein, it still belongs to the maker of the bet, and he may recover it from the stakeholder from whom he demanded it while it was yet in his hands.

ON REPORT.

ASSUMPSIT to recover $200 which the plaintiff alleged he bet with one Howes that Tilden would be elected president of the U. S. in 1876.

The plaintiff testified in substance that he made the bet on election day and deposited the money in the hands of the defendant; that on the following fourth day of March he demanded the money of the defendant, who refused to deliver it up; and that he forbade him paying over to Howes.

On the part of the defense there was testimony tending to show that on November 6, 1877, N. F. Houston, mayor of Belfast where the plaintiff resides, went with the city solicitor to the defendant and demanded the money of him, and notified him that he should proceed legally against the parties; that Woodcock delivered the money to the mayor, whereupon the mayor gave to the defendant the following receipt:

"$200.                  BELFAST, Nov. 6th, 1877.

Received of M. P. Woodcock, two hundred dollars. The same being money forfeited to the city of Belfast under section 69 of chapter 4 of the Revised Statutes of Maine. Said money having been deposited with said Woodcock on Tuesday the seventh day

of November, A. D. 1876, by Abner G. Gilmore, as a bet or wager on the result of the presidential election of that year. And this is to certify that having received the evidence required by section 7th of chapter 4th of the Revised Statutes before named, that I did, as mayor of the city of Belfast, on Saturday the third day of November, inst., demand of said Woodcock the sum of money deposited with him as before named, under the penalty of a suit at law to recover the same should he refuse to comply with the demand and to avoid the commencement of such suit, the said money has this day been paid to me, for which payment the said Woodcock is to be held harmless should said money be decided by the said S. J. Court of this state not to belong to the city of Belfast as before named.

N. F. Houston, mayor."

Upon the testimony, the law court were to enter a nonsuit or default.

*W. II. McLellan*, for the plaintiff.

*Thompson & Dunton*, for the defendant.

Barrows, J. This case has once before been before the court: see Maine R., vol. 69, p. 118; and it comes now upon a report showing substantially the same facts which then appeared, with the following addition. After the ruling of the judge at *nisi prius* nonsuiting the plaintiff in the present action, which ruling was considered and found to be erroneous at the former hearing in this court, the mayor of Belfast where the plaintiff resides went and demanded the money of the defendant, stating that he understood the money was in defendant's hands as a wager on the election, and that he should take legal steps to obtain it. Upon a second demand made by the mayor accompanied by Mr. Jewett the city solicitor, the defendant appears to have paid over the money taking the mayor's receipt setting forth the facts and agreeing to hold the defendant harmless should it be ultimately decided that the money did not belong to the city, and the money eventually went into the city treasury.

We do not think this amounts to a defense. The money did not belong to the city until it was adjudged forfeited in a suit brought against the maker of the bet.

By R. S., c. 4, § 70, the mayor of the city or treasurer of the town entitled to the forfeited money is directed to sue for and recover it ; and this suit must of necessity be against the party wagering the money, and must be brought according to the provisions of chap. 81, § 90, within a year or it cannot be maintained.

The statute contemplates an adjudication in a suit thus brought to which the person making the bet shall be a party in order to complete the forfeiture and deprive the person of the money to which he would be otherwise entitled as his own.

The stakeholder would not be liable in a suit brought by the mayor of the city or the treasurer of the town unless seasonably summoned as trustee of him who is subject to the penalty and forfeiture.

Whether the city could have enforced the forfeiture by a suit brought after the plaintiff had reclaimed his money from the stakeholder, but within a year from the time when the forfeiture was incurred is not the question here.

No such suit was ever brought.

As remarked in the previous opinion the stakeholder cannot avail himself of the plaintiff's liability to the city, a liability which was not duly and legally enforced, as a defense to this suit. It is suggested in argument that there is no sufficient proof of a demand of the money before the commencement of this action. The plaintiff, though he does not give the words used, testifies that he demanded the money and defendant does not deny that he so understood it.

*Defendant defaulted.*

APPLETON, C. J., DANFORTH, PETERS and SYMONDS, JJ., concurred.